SARAH E. BRINSON *v.* MARY SANDIFER ET AL.

[42 South., 89.]

1. WILLS. *Deeds. Construction. Will or deed.*

    A writing, not attested as a will, but acknowledged as a deed, conveying a life estate, followed by the words "I will" a second life estate to a daughter, and providing that after the death of the daughter the property "goes to her children and their heirs and assigns forever," is not a will but a deed to the second life estate as well as to the first one.

2. LAND AND CONVEYANCES. *Code 1892, § 2436, Succession of donees.*

    Under Code 1892, § 2436, so providing it is competent by deed to convey lands to a succession of living donees, not exceeding two, and to the heirs of the body of the remainderman, and in default thereof to the right heirs of the donor in fee simple.

FROM the chancery court of Rankin county.

HON. JAMES L. McCASKILL, Chancellor.

Mrs. Sandifer and others, the appellees, were complainants in the court below; Mrs. Brinson, the appellant, was defendant there. From a decree in complainants' favor the defendant appealed to the supreme court.

The facts are stated in the opinion of the court.

*William Buchanan,* for appellant.

The whole instrument must be construed together, the intent of the grantor ascertained, and the instrument upheld, if possible. *Goosey* v. *Goosey,* 48 Miss., 219.

The intent of the grantor seems to be clear that S. E. Gatlin should own the land during her lifetime and then it should belong to Mrs. Brinson.

He does not reserve the right to revoke any part of the instrument and does not afterwards attempt to make any other disposition of it.

The deed is complete, no further act on the part of T. C. Gatlin remained to give it full effect and the title is irrevocable. *McDaniel* v. *Johns,* 45 Miss., 632.

The title to Mrs. Brinson is in *presenti* though not to take effect in possession until after the death of Mrs. Gatlin (not T. C. Gatlin).

*Sidney L. McLaurin,* for appellee.

The instrument does not pass any title whatever to appellant Mrs. Brinson for two reasons:

First. It conveys from T. C. Gatlin, husband, to S. E. Gatlin, wife, a life estate, and then adds "and at the end of Mrs. S. E. Gatlin's life, I will this property to Mrs. Sarah Elizabeth Brinson all her lifetime, and after her Mrs. Sarah Elizabeth Brinson's lifetime, said described property goes to her children and their heirs and assigns forever." There are no words of conveyance to Mrs. Brinson in the instrument. It was only an expression of a desire on his part that, at his wife's death, the land should go to his daughter, Mrs. Brinson. If properly attested as a will it would have been good as a will, but not as a deed. There are no words of grant to Mrs Brinson.

Second. There is another reason why this writing could not be effective as a deed: Estates in fee-tail are prohibited. Gatlin attempted to convey the land to his wife, Mrs. S. E. Gatlin, for her lifetime, and at her death to his daughter, Mrs. Brinson, and at the death of Mrs. Brinson to her children, and at the death of Mrs. Brinson's children to their heirs. This carries it one step further than is allowed by sec. 2436, Code 1892, and created an estate in fee simple in Mrs. S. E. Gatlin; and at her death it descended to her heirs, appellees and appellants.

CALHOON, J., delivered the opinion of the court.

T. C. Gatlin owned the land in controversy, and executed, his wife joining, an instrument in which he says: "I hereby

grant, bargain, sell, convey and warrant to Mrs. S. E. Gatlin [his wife] her lifetime the following described property [describing the land], and at the end of Mrs. S. E. Gatlin's life I will this property to Mrs. Sarah Elizabeth Brinson [a daughter] all of her lifetime, and after her, Sarah Elizabeth Brinson's, lifetime said described property goes to her children and their heirs and assigns, forever." Mr. Gatlin died, and subsequently Mrs. Gatlin, the wife, died, and the children, except Mrs. Brinson and one other, file this bill for partition as heirs. Mrs. Brinson defends as sole owner under the above instrument for her life. The court below refused her contention and decreed the partition.

The purpose of the paper was manifestly to convey the property, and the use of the words "I will" at its conclusion does not destroy it as a conveyance. It is not attested as a will, and therefore void as such. It is acknowledged as a deed, *eo nomine*. The first part has the conveying clauses, and we decline to vitiate it as a conveyance and destroy the clear intent by making it a hybrid, half deed and half will, because of the misuse of a technical word. Clearly it passed immediate title, and was not intended to take effect after death. This instrument is within the exception allowed in sec. 2436, Ann. Code 1892. It is a conveyance to a "succession of donees then living and to the heirs of the body of the remainderman." It gives the property to Mrs. Gatlin for life, then to Mrs. Brinson for life, then to her children, who are the heirs of her body, in fee. *Banking Co.* v. *Field,* 84 Miss., 647, 37 South. 139.

*Reversed, and decree here dismissing the bill.*